# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANE WHIPPLE, | Case No. 2:24-cv-01079-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| BETSY LOU WHIPPLE, *et al.*, | |
| Defendants. | |

Before the Court is Defendant Private Client Services' motion to compel arbitration. ECF No. 8. Defendants Betsy Lou Whipple, Warner Whipple, Newbridge Securities Corp., M.S. Howells & Co., and MSH Capital Advisors LLC filed joinders to the motion to compel. ECF Nos. 12, 13, 20, 27. For the following reasons, the Court grants Defendant Private Client Services' motion to compel. The Court further grants the joinders filed by Defendants Warner Whipple and Newbridge Securities Corp., but denies the joinders filed by M.S. Howells & Co. and MSH Capital Advisors LLC, as well as Betsy Lou Whipple.

**I.   PROCEDURAL HISTORY**

Plaintiff Jane Whipple initiated this action by filing a Complaint against Defendants Betsy Lou Whipple, Warner Whipple, Newbridge Securities Corp. ("Newbridge"), M.S. Howells & Co. ("M.S. Howells"), MSH Capital Advisors LLC ("MSH"), Private Client Services LLC ("PCS"), and Greenleaf Financial Network LLC ("Greenleaf") in the Seventh Judicial District Court, Lincoln County, Nevada, on January 25, 2024. ECF No. 1. On June 10, 2024, Defendant Warner Whipple removed the action to this Court. Id.

On June 25, Defendants Newbridge, M.S. Howells, and MSH filed joinders to the removal. ECF No. 11. On June 26, Defendant Warner Whipple filed a supplement to the petition for

removal, attaching, *inter alia*, an Amended Complaint filed by Plaintiff in the Seventh Judicial District on June 6, 2024. ECF Nos. 16, 16-5. On the same day, Defendant PCS filed a joinder to the petition for removal. ECF No. 17. On August 6, Defendant Betsy Lou Whipple filed a joinder to the petition. ECF No. 26.

On June 17, 2024, Defendant PCS filed the instant motion to compel arbitration. ECF No. 8. On June 25, Defendants Newbridge, M.S. Howells, and MSH filed joinders to the motion. ECF Nos. 12, 13. Defendant Warner Whipple joined the motion on June 27. ECF No. 20. Defendant Betsy Lou Whipple joined the motion on August 6. ECF No. 27. Plaintiff has not responded to the motion. The Court's Order follows.

## II.   FACTUAL ALLEGATIONS

This action arises from alleged privacy violations that Plaintiff Jane Whipple uncovered in the course of discovery in a separate action involving the Kent and Jane Whipple Trust, where Plaintiff and Defendant Warner Whipple are adverse parties.

Jane Whipple and Warner Whipple are co-Trustees to the Kent and Jane Whipple Trust. Betsy Lou Whipple is, and at all relevant times was, Plaintiff's financial planner through her business BL Whipple Wealth Management. Betsy was a broker and/or agent of Defendants Newbridge, M.S. Howells, MSH, PCS, and Greenleaf.

On or about January 26, 2022, Plaintiff became aware of at least two alleged privacy violations of state and federal law. One of these violations, according to Plaintiff, occurred on October 2, 2017, where Betsy emailed Defendant Warner, without authorization, a copy of a Wells Fargo investment account statement of which Plaintiff was an owner. Subsequently, on January 23, 2018, Betsy emailed Defendant Warner, without authorization, a copy of Plaintiff's November 2017 PCS investment account statement on which Betsy is identified as an account executive. In this communication, Betsy stated to Warner: "I wonder if the Attorney's could put a lein [sic] on it. The other account is her account I've had for years. I believe it is now at $30,000." Plaintiff contends that the "other account" references the account from the October 2, 2017, communication.

## III.   LEGAL STANDARD

The Ninth Circuit has determined that "the federal law of arbitrability under the Federal Arbitration Act ('FFA') governs the allocation of authority between courts and arbitrators." Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008). The FAA states that "[a] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy" arising out of the contract or transaction "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "requires courts to rigorously enforce agreements to arbitrate," but it "does not require parties to arbitrate when they have not agreed to do so." Johnson v. Walmart Inc., 57 F.4th 677, 681 (9th Cir. 2023) (cleaned up); see also Comedy Club, Inc. v. Improv W. Assocs., 553 F.3d 1277, 1284 (9th Cir. 2009) (finding that "where [a] contract contains an arbitration clause, there is a presumption of arbitrability").

Because the FAA mandates that "district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed[,]" a court's involvement is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (internal quotation marks omitted). The party seeking to compel arbitration has the burden to show that both of these questions must be answered in the affirmative. See Nguyen v. Barnes & Noble, Inc., 763 F.3d 1171, 1175 (9th Cir. 2014); Ashbey v. Archstone Prop. Mgmt., Inc., 785 F.3d 1320, 1323 (9th Cir. 2015). "If the answer is yes to both questions, the court must enforce the agreement." Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004).

Section 3 of the FAA provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement. 9 U.S.C. § 3. A request for a stay is not mandatory. Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978).

IV. **DISCUSSION**

The Court now turns to the merits of Defendant's motion to compel arbitration and the related joinders to the motion.

    **A. Private Client Services' Motion to Compel Arbitration**

The threshold question on any motion to compel arbitration is whether the parties formed an agreement. Here, it is not disputed that Defendant Private Client Services, LLC and Plaintiff entered into an agreement and that it contains an arbitration clause. The Court finds nothing in the record supporting a finding that the agreement is invalid.

Therefore, the Court considers whether the arbitration clause encompasses Plaintiffs' claims against PCS by looking to the agreement provided by Defendant. See Manuwal v. BMW of N. Am., LLC, 484 F. Supp. 3d 862, 864 n.1 (C.D. Cal. 2020) ("The Court may examine evidence outside the pleadings on a motion to compel arbitration."). In the agreement, Plaintiff acknowledges that her PCS Account Agreement contains a pre-dispute arbitration clause. PCS's arbitration clause provides that "[a]ny controversy between you and us shall be submitted to arbitration before the financial industry regulatory authority."

Because the agreement at issue here broadly directs any controversy between Plaintiff and PCS to arbitration, the Court finds that Plaintiff's *respondeat superior* cause of action against Defendant falls within the terms of the agreement. Moreover, Plaintiff does not argue, and the Court has not found anything on the record that suggests that the dispute in this action would not be covered by this agreement to arbitrate. See Bosinger v. Phillips Plastics Corp., 57 F. Supp. 2d 986, 990 (S.D. Cal. 1999) ("A court will not ordinarily except a controversy from coverage of a valid arbitration clause unless it may be said with positive assurance that the arbitration clause is not susceptible [to] an interpretation that covers the asserted dispute."). Accordingly, given that the FAA "leaves no place for the exercise of discretion by a district court[,]" Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985), the Court finds that the dispute between Plaintiff and Defendant Private Client Services is arbitrable.

### B. Newbridge Securities Corporation's Motion to Compel Arbitration

Having found that the arbitration provision is enforceable by Defendant Private Client Service, the Court now turns to Defendant Newbridge Securities' joinder to the motion. Again, there is no dispute that Plaintiff and Defendant entered into an agreement that contains a valid and enforceable arbitration clause.

The Court thus turns to the question of whether the dispute here is encompassed by the

arbitration provision. In it, Plaintiff agreed that "[a]ny controversy or claim arising out of or relating to this Agreement shall be settled by FINRA arbitration[.]" Arbitration clauses encompassing disputes "arising out of or relating to" a contract are considered broad. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 406 (1967) (finding that a clause requiring arbitration of "[a]ny controversy or claim arising out of or relating to [an] Agreement" was broad); see also Chiron Corp., 207 F.3d at 1131 (same). The claim against Newbridge Securities concerns their relationship to Betsy Whipple, who is alleged to have violated state and federal law in her role as a financial planner. This claim arises out of or relates to Plaintiff's agreement with Newbridge Securities, in which she established a financial relationship with Newbridge Securities and which Betsy Whipple also signed. Therefore, the Court finds that Plaintiff's *respondeat superior* cause of action against Newbridge Securities is covered by the agreement Plaintiff signed in creating a financial account with Defendant.

Accordingly, Defendant Newbridge Securities Corporation's unopposed joinder in Defendant Private Client Service's motion to compel arbitration is proper. The Court finds that Plaintiff's claims against Defendant Newbridge Securities Corporation are similarly arbitrable.

### C. Warner Whipple's Motion to Compel Arbitration

The Court turns to Defendant Warner Whipple's joinder to the motion to compel arbitration. As before, the parties do not dispute that a valid and enforceable arbitration agreement exists.

Defendant argues that Plaintiff is subject to the provisions of a binding arbitration agreement in the Kent and Jane Whipple Trust to which Plaintiff and Defendant Warner are co-Trustees. The provision states, in relevant part, that "[i]n the event of a disagreement at any time when there are only two (2) Co-Trustees, then the dispute shall be submitted to arbitration[.]" Given (1) the wide scope of "disagreement" the arbitration provision encompasses, (2) that Plaintiff's Amended Complaint concedes that Plaintiff's causes of action against Warner arise out of his fiduciary duties as co-Trustee, and (3) that, as a matter of federal law, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[,]" Benson v. Casa de Capri Enterprises, LLC, 980 F.3d 1328, 1330–31 (9th Cir. 2020), the Court finds that the

1 Trust's arbitration provision encompasses the dispute here between Plaintiff and Defendant
2 Warner. Accordingly, the Court finds that the claims against Warner Whipple are subject to
3 arbitration.

### D. M.S. Howells & Co. and MSH Capital Advisors' Motion to Compel Arbitration

Defendants M.S. Howells & Co. and MSH Capital Advisors LLC were not a party to any of the preceding agreements and they have failed to provide the Court with any agreement they may have entered into with Plaintiff. They have also advanced no argument as to why they may compel arbitration pursuant to the other Defendants' agreements with Plaintiff. Defendants nonetheless file a motion to join Defendant Private Client Services' motion to compel arbitration.

"Generally, the contractual right to compel arbitration may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration." Kramer v. Toyota Motor Corp., 705 F.3d 1122, 1126 (9th Cir.2013) (citation and internal quotation marks omitted). Yet, "[t]he United States Supreme Court has held that a litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." Id. at 1128 (citation omitted); see also Ngo v. BMW of N. Am., LLC, 23 F.4th 942, 946 (9th Cir. 2022) ("State law determines whether a non-signatory to an agreement containing an arbitration clause may compel arbitration."). The Nevada Supreme Court has recognized five theories to determine whether a non-signatory has the right to enforce an arbitration provision: "(1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ago; and (5) estoppel." Truck Ins. Exch. v. Palmer J. Swanson, Inc., 189 P.3d 656, 660 (Nev. 2008). Notably, "[t]he strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement." Comedy Club, Inc., 553 F.3d at 1287 (internal citation omitted).

The Court finds that none of the exceptions apply here. The Amended Complaint alleges that Defendant Betsy Whipple, who signed the other Defendants' agreements, was acting as a broker/agent of Defendants Newbridge, M.S. Howells, MSH, Private Client Services, and Greenleaf. However, Defendants M.S. Howells and MSH have not demonstrated that she was acting as their agent at the time that she signed the contracts with Private Client Services or

- 6 -

Newbridge. Further, she was not identified as an agent for M.S. Howells and MSH in either of these agreements. Therefore, Defendants M.S. Howells and MSH have failed to establish that they can enforce the arbitration agreement between Plaintiff and the other Defendants. Accordingly, the Court denies their request to compel arbitration of the claims against them. Instead, Defendants M.S. Howells and MSH may file their own motion to compel arbitration.

### E. Betsy Lou Whipple's Motion to Compel Arbitration

Finally, Defendant Betsy Lou Whipple filed a motion to join Defendant Private Client Services, LLC's motion to compel arbitration. However, the document is an exact copy of Defendants M.S. Howells & Co and MSH Capital Advisors LLC's joinder. The document contains the names, arguments, and signatures of Defendant M.S. Howells & Co and MSH Capital Advisors, LLC. Defendant Betsy has failed to sign the document as required by Rule 11(a) of the Federal Rules of Civil Procedure. The joinder must be stricken for this reason. See Fed. R. Civ. P. 11(a) (requiring the court to "strike an unsigned paper unless the omission is promptly corrected"). Defendant Betsy may file her own motion to compel arbitration.

### V.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Private Client Services' motion to compel arbitration, (ECF No. 8), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Newbridge Securities Corporation's joinder, (ECF No. 12), is **GRANTED**. The Court compels arbitration as to the claims against this Defendant.

**IT IS FURTHER ORDERED** that Defendant Warner Whipple's joinder, (ECF No. 20), is **GRANTED**. The Court compels arbitration as to the claims against this Defendant.

**IT IS FURTHER ORDERED** that Defendants M.S. Howells & Co. and MSH Capital Advisors LLC's joinder, (ECF No. 13), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Betsy Lou Whipple's joinder, (ECF No. 27), is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that litigation of the claims against Defendants Private Client Services, Newbridge Securities Corporation, and Warner Whipple are **STAYED** pending

the resolution of arbitration proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the parties subject to arbitration are instructed to submit a status report every ninety days after the commencement of arbitration until arbitration is concluded. Either party may move to lift the stay once arbitration has concluded.

**IT IS FURTHER ORDERED** that the Plaintiff and the Defendants not subject to arbitration shall submit a proposed scheduling order by **April 11, 2025.**

**DATED:** March 29, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**